IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-78-D
No. 4:14-CV-196-D

| | |
|---|---|
| RENALDO KEITRON MEADOWS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On October 9, 2014, Renaldo Keitron Meadows ("Meadows") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 188-month sentence [D.E. 50]. On December 18, 2014, Meadows filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines [D.E. 54]. On March 3, 2015, Meadows refiled his section 2255 motion [D.E. 57]. On May 22, 2015, the government moved to dismiss all but one claim in Meadows's section 2255 motion and to deny Meadows's section 3582 motion [D.E. 59, 60]. On June 18, 2015, Meadows responded in opposition [D.E. 62]. On August 19, 2015, Meadows moved to amend his section 2255 motion to assert a claim under Johnson v. United States, 135 S. Ct. 2551 (2015), concerning his designation as a career offender under U.S.S.G. § 4B1.1(a). See [D.E. 63]. As explained below, the court grants the government's motion to dismiss, dismisses all of Meadows's claims under section 2255 except his claim that his counsel failed to file a notice of appeal, denies Meadows's motion under section 3582(c), and denies Meadows's motion to amend as futile.

I.

On March 18, 2013, Meadows pleaded guilty, without a plea agreement, to possession with

intent to distribute 28 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (count one), distributing a quantity of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (counts two and three), and distributing a quantity of cocaine base (crack) and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count four). See [D.E. 1, 29]. On September 18, 2013, the court conducted Meadows's sentencing hearing and calculated his advisory guideline range as 188 to 235 months' imprisonment based on a criminal history category VI and total offense level of 31. See [D.E. 33, 40, 44]. In calculating Meadows's criminal history, the court found that Meadows was a career offender under U.S.S.G. § 4B1.1(a). See Presentence Investigation Report ("PSR") [D.E. 33] ¶ 44. In fact, Meadows had multiple convictions that would have qualified him as a career offender. See id. ¶¶ 12, 15, 19; U.S.S.G. §§ 4B1.1(a), 4B1.2. After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Meadows's allocution, the court sentenced Meadows to 188 months' imprisonment on all four counts, to run concurrently with each other. See [D.E. 40, 44]. On September 18, 2013, the court entered judgment. See [D.E. 44]. Meadows did not appeal.

In Meadows's section 2255 motion, Meadows alleges: (1) ineffective assistance of counsel by failing to file a notice of appeal; (2) the court erred in finding that Meadows was a career offender; (3) ineffective assistance of counsel by failing to argue that Meadows's conviction for fleeing to elude arrest with a motor vehicle was not a "crime of violence" under U.S.S.G. § 4B1.2(a); and, (4) ineffective assistance of counsel by failing to obtain and review an unidentified audiotape and videotape from the government. See [D.E. 57] 4–8. In Meadows's motion to amend, Meadows also seeks to attack his designation as a career offender under the Guidelines based on Johnson v. United States, 135 S. Ct. 2551 (2015). See [D.E. 63]; Fed. R. Civ. P. 15.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure

2

to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Attorney Gen., 956 F.2d 1290, 1296–97 & n.17 (4th

3

Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687, 691–96; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

The Sixth Amendment imposes a duty upon counsel "to consult with the defendant concerning whether to appeal when counsel has reason to believe . . . '(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord United States v. Cooper, 617 F.3d 307, 312–14 (4th Cir. 2010); Miller v. United States, 150 F. Supp. 2d 871, 881 (E.D.N.C. 2001). The Supreme Court has "defined the term 'consult' to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp.

4

Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687, 691–96; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

The Sixth Amendment imposes a duty upon counsel "to consult with the defendant concerning whether to appeal when counsel has reason to believe . . . '(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord United States v. Cooper, 617 F.3d 307, 312–14 (4th Cir. 2010); Miller v. United States, 150 F. Supp. 2d 871, 881 (E.D.N.C. 2001). The Supreme Court has "defined the term 'consult' to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp.

2d at 879 (quoting Flores-Ortega, 528 U.S. at 478). "In cases where the attorney consulted with petitioner about an appeal, the attorney 'performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id. (quoting Flores-Ortega, 528 U.S. at 478); see United States v. Peak, 992 F.2d 39, 41–42 (4th Cir. 1993).

In order to demonstrate ineffective assistance of counsel, a party also must show that counsel's deficient performance prejudiced the party. See Strickland, 466 U.S. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffective-assistance-of-counsel claim on a section 2255 motion, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

In his first claim, Meadows alleges that counsel was ineffective by failing to file a notice of appeal. See [D.E. 57] 4. Specifically, Meadows states that if his "attorney had let me know he was not appealing my case, I would have filed myself. I was not aware that he was not appealing." Id. The government concedes that Meadows has stated a claim. See [D.E. 60] 4–5; United States v. Tidd, 582 F. App'x 242, 242 (4th Cir. 2014) (per curiam) (unpublished); see also Davis v. Zahradnick, 600 F.2d 458, 459–60 (4th Cir. 1979) (per curiam). The court agrees and directs Magistrate Judge Gates to hold an evidentiary hearing on this claim and issue a memorandum and recommendation. See Diaz v. United States, Nos. 7:09-CR-100-D-3, 7:11-CV-43-D, [D.E. 310] (E.D.N.C. Nov. 12, 2014) (memorandum and recommendation) (unpublished), adopted, 2014 U.S. Dist. LEXIS 177775 (E.D.N.C. Dec. 29, 2014) (unpublished); Rahman v. United States, Nos. 7:08-CR- 126-D, 7:10-CV-69-D, [D.E. 71] (E.D.N.C. Aug. 27, 2013) (memorandum and recommenda-

5

tion) (unpublished), adopted, 2013 WL 5230610 (E.D.N.C. Sept. 16, 2013) (unpublished).

Next, Meadows alleges that the court erred in concluding that he was a career offender under the Guidelines. See [D.E. 57] 5. Meadows, however, may not challenge the calculation of his advisory guideline range (including his designation as a career offender) under 28 U.S.C. § 2255. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999). Thus, the claim fails. Alternatively, in light of Meadows's multiple qualifying convictions, see PSR ¶¶ 12, 15, 19, the claim fails on the merits.

Next, Meadows asserts that his counsel was ineffective by failing to argue that Meadows's conviction for "[f]leeing to [e]lude [a]rrest [w]ith a [m]otor [v]ehicle 2 [a]ggravating [f]actors" was not a "crime of violence" under U.S.S.G. § 4B1.2(a). See [D.E. 57] 6; PSR ¶ 19. Counsel, however, reasonably concluded that the conviction did qualify as a "crime of violence." See, e.g., [D.E. 55-1] 27; N.C. Gen. Stat. § 20-141.5(b); United States v. Warren, 383 F. App'x 360, 362–63 (4th Cir. 2010) (per curiam) (unpublished). Thus, Meadows has failed to plausibly allege deficient performance. See Strickland, 466 U.S. at 687–91. Alternatively, Meadows has failed to allege prejudice, particularly in light of his two other "controlled substance offense[s]" under U.S.S.G. § 4B1.2(b). See PSR ¶¶ 12, 15. Simply put, even if counsel successfully argued that Meadows's fleeing-to-elude conviction was not a "crime of violence" under the Guidelines, Meadows still would have been a career offender. Thus, the claim fails.

Next, Meadows asserts that counsel was ineffective by failing to obtain and review an unidentified audiotape and videotape from the government. See [D.E. 57] 8. Meadows's vague allegation, however, fails to plausibly allege deficient performance or prejudice. See, e.g., Dyess, 730 F.3d at 359. Thus, the claim fails.

6

As for Meadows's motion to amend so as to use Johnson to attack his designation as a career offender under the Guidelines, the claim is futile because it is not cognizable under section 2255. See, e.g., Foote, 784 F.3d at 935–37; Pregent, 190 F.3d at 283–84; Mikalajunas, 186 F.3d at 496. Alternatively, even if Johnson applied to Meadows, Johnson does not change Meadows's "controlled substance offense" convictions, see PSR ¶¶ 12, 15, or alter his status as a career offender. Thus, the court denies the motion to amend as futile.

As for Meadows's motion for a sentence reduction under section 3582(c), U.S.S.G. § 1B.10, and Amendment 782, Meadows's drug weight did not determine his advisory guideline range. Rather, his status as a career offender did. Thus, he is not "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." See 18 U.S.C. § 3582(c). Accordingly, Meadows cannot obtain relief under section 3582(c), U.S.S.G. § 1B.10, and Amendment 782. See Dillon v. United States, 130 S. Ct. 2683, 2691 (2010); United States v. Lovett, 550 F. App'x 334, 335 (7th Cir. 2014) (unpublished); United States v. Doucette, 544 F. App'x 746, 746–47 (9th Cir. 2013) (unpublished); United States v. Riley, 726 F.3d 756, 759 (6th Cir. 2013); United States v. Hodge, 721 F.3d 1279, 1280–81 (10th Cir. 2013) (collecting cases); United States v. Ervin, 533 F. App'x 189, 189–90 (4th Cir. 2013) (per curiam) (unpublished); United States v. Leonardo, 529 F. App'x 75, 78 (2d Cir. 2013) (unpublished); United States v. Barnes, 529 F. App'x 340, 341 (4th Cir. 2013) (per curiam) (unpublished); United States v. Staton, 527 F. App'x 264, 265 (4th Cir. 2013) (per curiam) (unpublished); United States v. Lewis, 520 F. App'x 177, 177 (4th Cir. 2013) (per curiam) (unpublished); United States v. Rogers, 513 F. App'x 129, 131 (3d Cir. 2013) (per curiam) (unpublished); United States v. Harris, 688 F.3d 950, 952–53 (8th Cir. 2012); United States v. Joulevette, 477 F. App'x 282, 283 (5th Cir. 2012) (per curiam) (unpublished); United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012) (per curiam);

7

United States v. Curet, 670 F.3d 296, 309 (1st Cir. 2012); United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010); United States v. Rashaad, No. 3:01cr195, 2012 WL 4758271, at *2 (W.D.N.C. Oct. 5, 2012) (unpublished), aff'd, 512 F. App'x 294 (4th Cir. 2013) (per curiam) (unpublished); United States v. Quarles, 889 F. Supp. 2d 783, 787–88 (E.D. Va. 2012); see also United States v. Rivera, 662 F.3d 166, 171–72 & n.4 (2d Cir. 2011) (collecting cases from the First, Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits holding that a defendant convicted of a crack-related charge but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible for a sentence reduction under Amendment 706); United States v. Broadwater, 613 F. Supp. 2d 740, 742–45 (E.D.N.C. 2009).

## II.

In sum, the court GRANTS the government's motion to dismiss Meadows's second, third, and fourth claims under 28 U.S.C. § 2255 [D.E. 59], DISMISSES Meadows's second, third, and fourth claims [D.E. 50, 57], DENIES Meadows's section 3582 motion [D.E. 54], and DENIES Meadows's motion to amend [D.E. 63] as futile. The court REFERS Meadows's remaining ineffective-assistance-of-counsel claim to Magistrate Judge Gates for a prompt evidentiary hearing and memorandum and recommendation.

SO ORDERED. This 23 day of November 2015.

JAMES C. DEVER III
Chief United States District Judge