IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-78-D
No. 4:14-CV-196-D

| | |
|---|---|
| RENALDO KEITRON MEADOWS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On October 9, 2014, Renaldo Keitron Meadows ("Meadows" or "petitioner") filed a motion to vacate, set aside, or correct his 188-month sentence pursuant to 28 U.S.C. § 2255 [D.E. 50]. On March 3, 2015, Meadows filed an amended motion under section 2255 [D.E. 57]. On May 22, 2015, the government moved to dismiss the motion for failure to state a claim upon which relief can be granted [D.E. 59] and filed a memorandum in support [D.E. 60]. On November 23, 2015, the court granted in part the government's motion to dismiss, dismissed all of Meadows's claims except one, and referred Meadows's ineffective-assistance claim concerning the alleged failure to file a notice of appeal to Magistrate Judge Gates for an evidentiary hearing and a memorandum and recommendation ("M&R"). See [D.E. 64]. On January 19, 2016, Judge Gates held an evidentiary hearing. See Tr. [D.E. 80]. On May 9, 2017, Judge Gates issued a comprehensive M&R [D.E. 85]. In that M&R, Judge Gates recommended that the court dismiss Meadows's failure-to-file-appeal-instruction claim and Meadows's newly-raised failure-to-consult claim. See id. at 2–20. On May 23, 2017, Meadows objected to the M&R [D.E. 86]. On June 5, 2017, the government responded [D.E. 87].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the entire record, including the M&R, the transcripts, the briefs, the objections, and the government's response. The court agrees with the analysis in the M&R, and the government's response to the objections. Thus, the court overrules the objections [D.E. 86] and adopts the M&R [D.E. 85].

Finally, as to Meadows's latest motion to supplement his section 2255 motion [D.E. 83], Johnson v. United States, 135 S. Ct. 2551 (2015), does not help Meadows. Meadows cannot use Johnson retroactively in this section 2255 proceeding to challenge as vague the then-existing residual clause in U.S.S.G. § 4B1.2(a)(2). See, e.g., Beckles v. United States, 137 S. Ct. 886, 890–02 (2017); United States v. Mack, 855 F.3d 581, 584–85 (4th Cir. 2017); United States v. Lee, 855 F.3d 244, 247 (4th Cir. 2017). Thus, Meadows remains a career offender and his Johnson claim fails. See also [D.E. 64] 7.

After reviewing the claims presented in Meadows's motions, the court finds that reasonable jurists would not find the court's treatment of Meadows's claims debatable or wrong, and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court ADOPTS the findings and conclusions in the M&R [D.E. 85], GRANTS the government's motion to dismiss [D.E. 59], and DISMISSES Meadows's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 50, 57, 83]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This 27 day of June 2017.

JAMES C. DEVER III
Chief United States District Judge