IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-78-D
No. 4:14-CV-196-D

| | |
|---|---|
| RENALDO KEITRON MEADOWS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On October 9, 2014, Renaldo Keitron Meadows ("Meadows" or "petitioner") filed a motion to vacate, set aside, or correct his 188-month sentence pursuant to 28 U.S.C. § 2255 [D.E. 50]. On March 3, 2015, Meadows filed an amended motion under section 2255 [D.E. 57]. On May 22, 2015, the government moved to dismiss the motion for failure to state a claim upon which relief can be granted [D.E. 59] and filed a memorandum in support [D.E. 60]. On November 23, 2015, the court granted in part the government's motion to dismiss, dismissed all of Meadows's claims except one, and referred Meadows's ineffective-assistance claim concerning the alleged failure to file a notice of appeal to Magistrate Judge Gates for an evidentiary hearing and a memorandum and recommendation ("M&R"). See [D.E. 64]. On December 3, 2015, Judge Gates appointed counsel to represent Meadows [D.E. 66]. On January 19, 2016, Judge Gates held an evidentiary hearing. See Tr. [D.E. 80]. On May 9, 2017, Judge Gates issued a comprehensive M&R and recommended that the court dismiss Meadows's failure-to-file-appeal-instruction claim and Meadows's newly-raised failure-to-consult claim. [D.E. 85] 2–20. On May 23, 2017, Meadows (through counsel) objected to the M&R [D.E. 86]. On June 5, 2017, the government responded [D.E. 87].

On June 27, 2017, the court reviewed the entire record, including the M&R, the transcripts, the briefs, the objections, and the government's response, and adopted the M&R [D.E. 88]. The court also denied a certificate of appealability. Id. On the same date, the clerk entered judgment [D.E. 89]. On July 24, 2017, Meadows filed a motion for an extension of time to file further motions based on his transit status [D.E. 90]. On August 10, 2017, Meadows filed a motion for reconsideration [D.E. 91]. Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e); Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (en banc). Thus, July 25, 2017, was Meadows's deadline to file a motion under Rule 59(e). See, e.g., Fed. R. Civ. P. 6(a); Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC 13-1265, 2014 WL 994066, at *1 n.1 (D. Md. Mar. 13, 2014) (unpublished), aff'd, 584 F. App'x 68 (4th Cir. 2014) (per curiam) (unpublished). Thus, the court denies Meadows's motion for reconsideration as untimely.[1]

Alternatively, even if Meadows's motion was timely, the court would deny the motion. Whether to alter or amend a judgment under Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not [previously] available . . . ; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d

---

[1] Although Meadows's motion for an extension of time was filed within the 28-day period, the court cannot extend the time for filing the motion. Fed. R. Civ. P. 6(b)(2); see Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001). Therefore, the court denies Meadows's motion for an extension of time.

2

634, 637 (4th Cir. 2007) (quotation omitted); see Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Meadows has not cited any recent change in controlling law, any newly discovered evidence, or any clear error in this court's order. To the extent Meadows requests relief under Federal Rule of Civil Procedure 60(b), this motion also fails. "Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for 'any other reason that justifies relief.'" Aikens, 652 F.3d at 500 (quoting Fed. R. Civ. P. 60(b)(6)). Under Rule 60(b), a movant first must demonstrate that his motion is timely, that he has a meritorious claim or defense, that the opposing party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances warrant the relief. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). If a movant satisfies these threshold conditions, he must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266. Meadows has failed to establish a meritorious claim or defense. Thus, Meadows fails to meet Rule 60(b)'s threshold requirements.

In sum, the court DENIES Meadows's motions [D.E. 90–91].

SO ORDERED. This 30 day of November 2017.

JAMES C. DEVER III
Chief United States District Judge